## COMMERCIAL BANKING & TRUST CO v HESS et

Ohio Appeals, 6th Dist, Erie Co
No. 361.  Decided April 24, 1931

King, Ramsey & Flynn, Sandusky, for the Commercial Banking & Trust Co.

H. L. Peeke, Sandusky, A. G. Aigler, Bellevue and Hertlein & Schwer, Sandusky, for Hess et.

insurance paid up and in force at the time of my dea'h, all my real estate, personal property, stock, bonds, and all moneys on deposit in banks and Peoples Loan & Savings Co. the use and income of same as long as she may live to use and enjoy the same as she may choose."

The fourth is:

"No. 4. It is my will that at the decease of my wife that my estate be divided as follows: Equally among my nieces and nephews Clinton Seitz, Wilford Seitz, Earl Seitz, Alden Seitz, Ruth Seitz, Mary Seitz, Wesley Ortman, Edna Weil Squires, Pierce Weyl, Geo. Weyl, jr."

The construction to be given these two items of the will is what the parties seek particularly to know. Unless paragraph 2 in and of itself gives to Anna A. Seitz the entire estate, there is no authority anywhere in the will investing her with the power to have or dispose of any part thereof except the income therefrom. The courts have stated, time and again, that in construing a will the intention of the testator is to be sought, and in case of ambiguity or uncertainty in any provision thereof, the entire will is to be considered and, if consistent, each and all of the provisions thereof are to be given effect.

'Paragraph 6 of this will is:

"No. 6. I hereby nominate and appoint The Commercial Banking & Trust Co. to be my executor of my estate to this my last will and testament thereby conveying to it full power and authority to take over and administer my estate and to invest and reinvest the principle of the estate to collect and disperse the income therefrom as above directed.

I also authorize my executor to sell any part of my real estate or personal property or estate at public or private sale when in their judgment it will best promote the value of my estate or to be an advantage to my heirs for such sum and such terms as they may deem best hereby giving my executor full power to execute and deliver proper instruments and conveyance for such purpose, I hereby further authorize my executor to compound, compromise settle and adjust all debts and claims which may be presented against my estate or which may be among my estate."

Pursuant to this authority, the executor of the estate of Frank J. Seitz, without objection, sold the 121 shares of the capital stock of the decedent in The Tenants Realty

**BY THE COURT**

The will of Frank J. Seitz contained several numbered items or paragraphs, the first of which provides for the payment of his debts and funeral expenses.

The second reads as follows:

"Second. I give, devise and bequeath to my beloved wife Anna A. Seitz all my life

Company. In our judgment items 2 and 6 are consistent and conclusively show that the testator, Frank J. Seitz, intended to give and gave to Anna A. Seitz the use and income of his estate for and during her life and that upon her death his estate was to be divided as provided in paragraph 4.

We are satisfied, also, that the profit derived from the sale of the 121 shares aforesaid became a part of the estate of Frank J. Seitz and not income therefrom.

A decree will therefore be entered in accordance herewith, and an entry may be prepared accordingly.

LLOYD, RICHARDS and WILLIAMS, JJ, concur.